IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00155-CMA-SKC

CAROL BURBA

Plaintiff,

v.

UNITED STATES OF AMERICA,
CITY AND COUNTY OF DENVER d/b/a DENVER INTERNATIONAL AIRPORT,
ISS FACILITY SERVICES, INC.,

Defendants.

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, by and through her attorneys, Bovo Law, LLC, file this Complaint and Jury Demand and state and allege the following:

### I. INTRODUCTION

This is a tort, premises liability and negligence case brought by the Plaintiff against all Defendants. This action arises from the Defendants' knowledge of a dangerous condition within Denver International Airport, including the area where the Transportation Security Administration ("TSA") screens travelers.

Plaintiff Carol Burba sustained a fall at the TSA Security Checkpoint at the Denver International Airport on January 17, 2017. Plaintiff Burba was ordered to take off her boots and was in the process of taking off her boots, when she slipped on the floor. Plaintiff Burba fell

onto her hip, and sustained a subcapital fracture of her right hip requiring a total hip replacement surgery.

## II. JURISDICTION

1. This action is brought pursuant to the Federal Torts Claims Act (FTCA) 28 U.S.C. § 2671, and, is an action in tort for personal injuries suffered by Plaintiff which were caused by the negligence of agents of Defendants.

2. Pursuant to the FTCA, the Government's sovereign immunity for civil suits seeking money damages is waived "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 2672 and 28 U.S.C. § 1346(b)(1).

3. The FTCA provides the basis for liability of the federal government, including departments and agencies thereof, for such negligence. 28 U.S.C. § 1346(b)(1), 28 U.S.C. § 2674. The TSA is an agency of the United States of America.

4. The Plaintiff previously submitted an Administrative Claim for the claim set forth below to the TSA.

5. The TSA issued a response, but that did not constitute a final decision and has not issued a final administrative action. Due to the current Government Shutdown, it appears the TSA cannot provide a final administrative action at this time. Plaintiff cannot wait, and

must preserve her claim to file according to the statute of limitations applicable to her case.

6. Jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §§ 1346(b)(1), 2672, 2401(b), 2671, and 2675(a). Plaintiff previously presented Defendants with a tort claim pursuant to § 2671, et. seq. of Chapter 171, Title 28 of the United States Code. Plaintiff's tort claim is in limbo due to the current Government Shutdown, so Plaintiff must appeal to the Court for jurisdiction to now hear the claim pursuant to 28 U.S.C. § 2675(a).

7. The state law claims arise from the following statutes: C.R.S. § 13-21-202, C.R.S. § 13-21-201, C.R.S. § 13-21-203, C.R.S. § 24-10-106(1)(b), C.R.S. § 24-10-118(2), C.R.S. §13-20-101.

8. Plaintiffs properly notified defendants of their claims on September 24, 2014, pursuant to C.R.S. § 24-10-109.

9. Pursuant to the Colorado Governmental Immunity Act, sovereign immunity is waived for Plaintiffs' state law claims against the government defendants. See C.R.S. § 24-10-106(1)(b) and (e).

### III. VENUE

10. The acts or omissions giving rise to the Plaintiffs claims arose in Denver County, Colorado. Thus, pursuant to U.S.C § 1391(b)(2) and § 1391(e), venue is proper in the District of Colorado.

## IV. PARTIES

11. Plaintiff, Carol Burba, is a citizen of the United States of American and resident of the state of Colorado.

12. The Transportation Security Administration ("TSA") is a component of the Department of Homeland Security, thus Defendant United States of America has authority over TSA's policies and has responsibility for ensuring compliance with all legal requirements. The United States of America and its Transportation Security Administration are appropriate Defendants.

13. Defendant City and County of Denver ("Denver") has a principal place of business located at 201 West Colfax Avenue, Department 1108, 11th Floor, Denver, Colorado 80202.

14. Defendant ISS Facility Services, Inc., ("ISS") is a corporation authorized to do business in Colorado, with an address of 2000 Clay Street, Suite 100, Denver, Colorado 80211.

15. At all times relevant to the subject matter of this litigation, Defendant City and County of Denver owned, operated, and maintained Denver International Airport ("DIA") and was responsible for the maintenance and inspection of the property, including walkways and floors located at DIA.

16. At all times relevant to the subject matter of this litigation, various employees or agents of Defendant Denver and Defendant ISS were responsible for the maintenance and safeguarding of the property in question. Defendant Denver is liable for the negligent actions of its employees and agents under the doctrine of *Respondeat Suprerior*.

## V. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

17. The allegations in this section are all made upon information and belief. The basis for these allegations comes from Plaintiff, her husband, daughter and grandson.

18. On January 17, 2017, at 5:30 a.m., Plaintiff Burba was an invitee at DIA.

19. Plaintiff was traveling visit her youngest son and his family. His son's wife was scheduled to have her third child the following day.

20. Plaintiff had been present at all four of her grandchildren's births.

21. Plaintiff Burba was waiting in line at the TSA Security checkpoint.

22. Plaintiff Burba was traveling with a group, including her daughter who was in a wheelchair.

23. Plaintiff Burba and her group were taken by DIA wheelchair personnel into an area of the TSA security checkpoint into a space between the baggage conveyors.

24. Plaintiff Burba was in the process of taking off her boots for the security check when she slipped on the floor and sustained a fall.

25. Plaintiff Burba fell onto her hip, and sustained a subcaptial fracture of her right hip (which ultimately required emergency surgery).

26. Plaintiff Burba could not move her leg and could not get up.

27. Plaintiff Burba's husband placed the Plaintiff in her daughter's wheelchair.

28. The DIA wheelchair personnel notified the TSA agents that Plaintiff Burba had fallen and was injured.

29. TSA agents forced Plaintiff Burba to continue with the screening process.

30. A TSA supervisor asked Plaintiff Burba to get out of the wheelchair.

31. Plaintiff Burba notified the TSA Supervisor that she was injured, was in severe pain, and could not rise out of the wheelchair.

32. The TSA Supervisor disregarded Plaintiff Burba's seriously injured condition.

33. The TSA supervisor performed a pat down of Plaintiff Burba.

34. The TSA supervisor then asked the DIA wheelchair personnel to remove Plaintiff Burba from the TSA area.

35. The DIA wheelchair personnel asked the TSA Supervisor to call the paramedics to render aid to Plaintiff Burba.

36. The TSA Supervisor deliberately declined to call for help to aid Plaintiff Burba.

37. The DIA wheelchair personnel took Plaintiff Burba to an airline counter where the paramedics were finally called.

38. The improper flooring, and negligently maintained floor constituted a dangerous condition of the premises, which is a public building.

39. The security area was negligently maintained because Plaintiff was forced to take off her shoes without assistance on polished marble flooring which constituted an unreasonable risk to the health and safety of those who are expected to use the walking surface, including the Plaintiff.  The dangerous condition was known to exist or should have been known to exist in the exercise of reasonable care.  The failure to use reasonable care by the Defendants, their agents and employees, proximately caused the injuries suffered by Plaintiff.

40. As a result of the conduct of the Defendants, Plaintiff suffered personal injuries, including the above-mentioned injuries.

41. Defendants knew or should have known of the condition of the security area, which was a danger to those walking in the vicinity.

42. Defendants should have permitted Plaintiff to sit down while removing her shoes.

43. Defendants should not have forced Plaintiff to remove her shoes on slippery flooring.

44. Defendants should have had more security employees to assist Plaintiff in the security screening process.

45. Defendants demeanor and tone in the screening process was aggressive, hostile and cruel.

46. Defendants should not treat senior citizens in a cruel and hostile manner in the screening process.

47. As a result of this incident, Plaintiff has suffered physical, mental, and emotional distress and suffering.

48. As a result of these injuries that Plaintiff suffered in the aforementioned incident, Plaintiff has incurred reasonable and necessary medical and rehabilitative expenses.

49. As a result of the incident in question, the Plaintiff has suffered injuries resulting in permanent disability.

50. As a result of the injuries Plaintiff suffered due to the incident, Plaintiff will continue to incur medical and rehabilitative expenses in the future.

51. As a result of the injuries Plaintiff has suffered, Plaintiff has suffered permanent physical impairment.

52. To date, Plaintiff's medical bills are more than $129,865.89.

53. Plaintiff was not comparatively negligent because she was forced to obey the Defendants demands in the screening process.

54. Plaintiff's actions were not a contributing factor to the injuries complained herein.

55. Plaintiff has not failed to mitigate the damages incurred as a result of this incident.

56. There were no sudden and unanticipated emergencies during the screening process.

57. Defendants are not entitled to the protections afforded by C.R.S. § 13-21-111.6 (collateral source) in connection with Plaintiff's Complaint.

58. Defendants are not entitled to the protections afforded by C.R.S. § 13-21-111.7 (assumption of risk) in connection with Plaintiff's Complaint.

59. Defendants are not entitled to the protections afforded by C.R.S. § 13-21-111.5 (responsible non-party) in connection with the Plaintiff's Complaint.

## VI. STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Premises Liability – Against Defendants City and County of Denver and ISS Facility Services, Inc.)**

60. Plaintiff hereby incorporates paragraphs 1 through 59 as if fully set forth herein.

61. Plaintiff was lawfully using the premises as an invitee.

62. Defendants were legally responsible for the condition of the property and for the activities and circumstances existing on the property, including common walkways and walking surfaces on the premises in the location where Plaintiff was injured.

63. Defendants knew or should have known of the dangers created by the condition of improperly flooring, and negligently maintaining the walking surface, by polishing the flooring and failing to warn or protect against the dangers created by Defendants.

64. Additionally, as a landowner, Defendant City and County of Denver cannot delegate its responsibility to another.

65. As a direct and proximate result of Defendants' failure to exercised reasonable care with respect to the dangers on the walkway and walking surface in the vicinity where Plaintiff was injured, Plaintiff suffered the damages and losses described in the above paragraphs.

## SECOND CLAIM FOR RELIEF

### (Negligence – Against Defendant United States of America)

66. Plaintiffs reallege and incorporate by reference the above paragraphs 1 through 65.

67. Defendant owed certain duties to Plaintiff and others to exercise reasonable care to protect them against the dangers of which Defendant actually knew or should have known. This included, but was not limited to, maintaining the common walkways in a safe condition, free from hazards to pedestrians.

68. TSA regulations provide that no person may proceed beyond the security checkpoint without complying with the procedures put in place by the TSA.

69. TSA regulations provide that no person may interfere with TSA screening personnel.

70. Plaintiff was required to comply with the TSA agent's directives.

71. TSA regulations confer an absolute authority on the TSA personnel within the screening area to the exclusion of all other airport staff or patrons.

72. TSA controls a person's access to the sterile area of the airport and the area beyond where the person's identification documents are checked.

73. A special relationship is present between Plaintiff and the TSA.

74. Plaintiff was under the control of the TSA at the time of the incident.

75. Defendant TSA has a general duty to assist Plaintiff and others when they are in peril.

76. The condition of the walking surface on the premises constituted an unsafe and hazardous condition that was dangerous to the Plaintiff and other pedestrians.

77. Pursuant to 49 U.S.C. § 114(f)(9) Defendant TSA has a duty to inspect, maintain, and test security facilities, equipment and systems.

78. Defendant TSA actually knew or should have known of the dangers relating to the hazardous condition on the premises that were used by pedestrians, such as Plaintiff.

79. Defendant TSA had the duty to properly train, hire, and supervise those agents, contractors, or employees who are responsible for maintaining the common walkways in a safe condition.

80. Defendant TSA had a duty to properly train, hire, and supervise those agents, conttractors, or employees who are responsible for handling security and responding to a medical emergency.

81. Defendant TSA failed to exercise reasonable care in that it did not adequately train, hire, and supervise those agents or contractors who were responsible for maintaining the common walkways in a safe condition.

82. Defendant TSA refused a request to aid Plaintiff for an emergency medical condition while she was under the control of the TSA.

83. By failing to protect Plaintiff, Defendant TSA caused additional distress to Plaintiff.

84. By mandating that an injured Plaintiff with an emergency medical condition be subjected to additional security screening and moving her injured body, Defendant TSA caused additional distress to Plaintiff.

85. Defendant TSA failed to protect Plaintiff and render aid while she was in distress from a medical emergency.

86. Defendant TSA failed to exercise reasonable care in that it did not adequately train, hire, and supervise those agents or contractors in responding to an emergency medical condition.

87. Defendant TSA failed to exercise reasonable care in that it failed to correct or mitigate the unsafe and hazardous condition.

88. Defendant TSA failed to exercise reasonable care in that it failed to warn Plaintiff and others of the unsafe and hazardous condition on the premises.

89. As a direct and proximate result and consequence of Defendant TSA's negligence as aforesaid, Plaintiff suffered the damages and losses described in the above paragraphs.

WHEREFORE, Plaintiff prays for judgment for the Plaintiff and against Defendants and asks this Court to award them all of the relief allowed by law, including, but not limited to, the following:

A. Money damages, including compensatory, economic, non-economic, special, and punitive damages against Defendants for all losses and damages suffered as a result of the premise liability, negligence and civil rights violations complained of herein.

B. Pre-judgement interest on all damages.

C. Costs and disbursements of this action, including reasonable attorneys' fees.

D. Post-judgement interest.

E. Such other and further equitable or injunctive relief as this Court may deem just and proper under the circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted,

Bovo Law, LLC

<u>*s/ Todd Frank Bovo*</u>
Todd F. Bovo, #38691
Attorney for Plaintiffs
650 South Cherry Street, #1400
Denver, CO 80246
Phone: (303) 333 4686
Fax: (303) 595 5334
Email: todd@bovolaw.com

<u>Plaintiffs' Address:</u>

Carol Burba
9359 Hidden Pines Court
Parker, Colorado 80134