IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00155-CMA-SKC

CAROL BURBA,

Plaintiff,

v.

UNITED STATES OF AMERICA TRANSPORTATION SECURITY ADMINISTRATION a Div of the Dept of HOMELAND SECURITY,
CITY AND COUNTY OF DENVER d/b/a DENVER INTERNATIONAL AIRPORT,
ISS FACILITY SERVICES, INC.,
AGENT JANE DOE aka TSA AVIATIONS SECURITY INSPECTOR, in her Individual and Official Capacity,
AGENT JOHN DOE aka TSA OFFICIAL, in his Individual and Official Capacity,

Defendants.

---

**DEFENDANT CITY AND COUNTY OF DENVER d/b/a DENVER INTERNATIONAL AIRPORT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

---

COMES NOW the Defendant, City and County of Denver d/b/a Denver International Airport ("Denver") by and through its attorney, Andrew J Carafelli of the law firm Harris, Karstaedt, Jamison & Powers, P.C., and hereby files its Answer in response to Plaintiff's Amended Complaint and Jury Demand as follows:

## I. INTRODUCTION

In response to Plaintiff's "Introduction paragraph" contained in her Amended Complaint, Denver notes that this Paragraph contains allegations against other Defendants which require neither admitting nor denying by this Defendant. To the extent a response is required to

Plaintiff's "Introduction" paragraph and to the extent that any of the statements or allegations contained therein, can be construed against this Defendant, Denver denies the same.

## II.   JURISDICTION

1. In answer to the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint, Denver notes that the Federal Torts Claim Act (FTCA) does not apply to it. Denver denies the remaining allegations contained therein.

2. In answer to the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint, Denver notes that this Paragraph contains only legal conclusions and therefore, requires neither admitting nor denying. Further, the statutes cited by Plaintiff speaks for themselves.

3. In answer to the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint, Denver notes that this Paragraph contains only legal conclusions, which do not apply to it and therefore, requires neither admitting nor denying.

4. In answer to the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint, Denver notes that this Paragraph contains allegations directed toward another Defendant and therefore, requires neither admitting nor denying by Denver. To the extent a response is required, Denver is without sufficient information to admit or deny the allegations contained therein, and therefore, deny the same.

5. In answer to the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint, Denver notes that this Paragraph contains allegations directed toward another Defendant and therefore, requires neither admitting nor denying by Denver. To the extent a

response is required, Denver is without sufficient information to admit or deny the allegations contained therein, and therefore, deny the same.

6. In answer to the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint, Denver notes that this Paragraph contains allegations directed toward another Defendant and therefore, requires neither admitting nor denying by Denver. To the extent a response is required, Denver is without sufficient information to admit or deny the allegations contained therein, and therefore, deny the same.

7. In answer to the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint, Denver notes that this Paragraph contains only legal conclusions and therefore, requires neither admitting nor denying. To the extent any response is required or that the allegations can be construed against Denver, Denver denies the allegations.

8. In answer to the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint, Denver notes that this Paragraph contains only legal conclusions and therefore, requires neither admitting nor denying. To the extent that a response is required, Denver denies the allegations contained therein.

9. In answer to the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint, Denver notes that this Paragraph contains only legal conclusions and therefore, requires neither admitting nor denying. To the extent that a response is required, Denver denies the allegations contained therein.

### III. VENUE

10. In answer to the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint, Denver would note that the allegations contained in this Paragraph contain only legal conclusions which require neither admitting nor denying. To the extent a response is required, Denver admits that venue is proper in the District of Colorado.

### IV. PARTIES

11. In answer to the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint, Denver is without sufficient information to admit or deny the allegations contained therein, and therefore, deny the same.

12. In answer to the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint, the allegations are directed at another Defendant which requires neither admitting nor denying by this Defendant.

13. In answer to the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint, Denver admits the allegations contained therein.

14. In answer to the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint, the allegations are directed at another Defendant which requires neither admitting nor denying by this Defendant.

15. In answer to the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint, Denver admits the allegations contained therein.

16. In answer to the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint, Defendant notes that this Paragraph contains only legal conclusions and therefore,

requires neither admitting nor denying. To the extent the allegations can be construed against Denver, Denver denies the allegations.

## V. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

17. In answer to the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint, Denver is without sufficient information to admit or deny the allegations contained therein, and therefore, deny the same.

18. In answer to the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint, Denver notes that this Paragraph contains only legal conclusions and therefore, requires neither admitting nor denying.

19. In answer to the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint, Denver is without sufficient information to admit or deny the allegations contained therein, and therefore, deny the same.

20. In answer to the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint, Denver is without sufficient information to admit or deny the allegations contained therein, and therefore, deny the same.

21. In answer to the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint, Denver is without sufficient information to admit or deny the allegations contained therein, and therefore, deny the same.

22. In answer to the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint, Denver is without sufficient information to admit or deny the allegations contained therein, and therefore, deny the same.

23. In answer to the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint, Denver is without sufficient information to admit or deny the allegations contained therein, and therefore, deny the same.

24. In answer to the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint, Denver is without sufficient information to admit or deny the allegations contained therein, and therefore, deny the same.

25. In answer to the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint, Denver is without sufficient information to admit or deny the allegations contained therein, and therefore, deny the same.

26. In answer to the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint, Denver is without sufficient information to admit or deny the allegations contained therein, and therefore, deny the same.

27. In answer to the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint, Denver is without sufficient information to admit or deny the allegations contained therein, and therefore, deny the same.

28. In answer to the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint, Denver is without sufficient information to admit or deny the allegations contained therein, and therefore, deny the same.

29. In answer to the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint, Denver notes that the allegations contained in this Paragraph are directed at another Defendant which requires neither admitting nor denying by this Defendant.

30. In answer to the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint, Denver notes that the allegations contained in this Paragraph are directed at another Defendant which requires neither admitting nor denying by this Defendant.

31. In answer to the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint, Denver is without sufficient information to admit or deny the allegations contained therein, and therefore, deny the same.

32. In answer to the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint, Denver notes that the allegations contained in this Paragraph are directed at another Defendant which requires neither admitting nor denying by this Defendant.

33. In answer to the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint, Denver notes that the allegations contained in this Paragraph are directed at another Defendant which requires neither admitting nor denying by this Defendant.

34. In answer to the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint, Denver notes that the allegations contained in this Paragraph are directed at another Defendant which requires neither admitting nor denying by this Defendant.

35. In answer to the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint, Denver is without sufficient information to admit or deny the allegations and therefore, deny the same.

36. In answer to the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint, Denver notes that the allegations contained in this Paragraph are directed at another Defendant which requires neither admitting nor denying by this Defendant.

37. In answer to the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint, Denver is without sufficient information to admit or deny the allegations and therefore, deny the same.

38. In answer to the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint, Denver denies the allegations contained therein.

39. In answer to the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint, Denver notes that the allegations contained in this Paragraph contain allegations directed at other Defendants and therefore, require neither admitting nor denying by this Defendant. To the extent a response is required from this Defendant, Denver denies the allegations contained therein.

40. In answer to the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint, Denver notes that the allegations contained in this Paragraph contain allegations directed at other Defendants and therefore, require neither admitting nor denying by this Defendant. To the extent a response is required from this Defendant, Denver denies the allegations contained therein.

41. In answer to the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint, Denver notes that the allegations contained in this Paragraph contain allegations directed at other Defendants and therefore, require neither admitting nor denying by this Defendant. To the extent a response is required from this Defendant, Denver denies the allegations contained therein.

42. In answer to the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint, this Paragraph contains allegations directed at other Defendants in this action which this Defendant has no control over. To the extent that the allegations can be construed against it, Denver denies the same.

43. In answer to the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint, this Paragraph contains allegations directed at other Defendants in this action and which this Defendant has no control over. To the extent that the allegations can be construed against it, Denver denies the same.

44. In answer to the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint, this Paragraph contains allegations directed at other Defendants which require neither admitting nor denying by this Defendant. Denver denies that it had any say over how many security TSA employees are present in and during the screening process.

45. In answer to the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint, this Paragraph contains allegations directed at other Defendants and therefore, requires neither admitting nor denying by this Defendant. To the extent any allegations can be construed against this Defendant, Denver denies the same.

46. In answer to the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint, this Paragraph contains allegations directed at other Defendants and therefore, requires neither admitting nor denying by this Defendant. To the extent any allegations can be construed against this Defendant, Denver denies the same.

47. In answer to the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein, and therefore denies the same.

48. In answer to the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein, and therefore denies the same.

49. In answer to the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein, and therefore denies the same.

50. In answer to the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein, and therefore denies the same.

51. In answer to the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein, and therefore denies the same.

52. In answer to the allegations contained in Paragraph 52 of Plaintiff's Amended Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein, and therefore denies the same.

53. In answer to the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint, this Paragraph contains only legal conclusions which require neither admitting nor

denying. Further, this Paragraph contains allegations directed toward other Defendants which also require neither admitting nor denying by this Defendant.

54. In answer to the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint, Denver is without sufficient information to admit or deny the allegations and therefore, deny the same.

55. In answer to the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint, Denver is without sufficient information to admit or deny the allegations and therefore, deny the same.

56. In answer to the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint, Denver is without sufficient information to admit or deny the allegations and therefore, deny the same.

57. In answer to the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint, Denver notes that this Paragraph contains only legal conclusions and therefore, requires neither admitting nor denying. To the extent a response is required, Denver denies the allegations.

58. In answer to the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint, Denver notes that this Paragraph contains only legal conclusions and therefore, requires neither admitting nor denying. To the extent a response is required, Denver denies the allegations contained therein.

59. In answer to the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint, Denver notes that this Paragraph contains only legal conclusions and therefore, requires neither admitting nor denying.

## VI.     STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Premises Liability – Against Defendants City and County of Denver and ISS Facility)**

60. In answer to the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint, Denver notes that this is an incorporation paragraph which requires neither admitting nor denying. Denver admits those allegations previously admitted and denies those allegations previously denied.

61. In answer to the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint, this Paragraph contains only legal conclusions and therefore, requires neither admitting nor denying.

62. In answer to the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint, this Paragraph contains only legal conclusions and therefore requires neither admitting nor denying. To the extent any allegations can be construed against Denver, Denver denies the same.

63. In answer to the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint, Denver denies the allegations contained therein.

64. In answer to the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint, this Paragraph contains only legal conclusions and therefore requires neither

admitting nor denying. To the extent any allegations can be construed against Denver, Denver denies the same.

65. In answer to the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint, Denver denies the allegations contained therein.

## SECOND CLAIM FOR RELIEF

### (Negligence – Against Defendants United States of America)

66. In answer to Paragraphs 66-89, Denver notes that the allegations contained in these paragraphs are directed at another Defendant which requires neither admitting nor denying by Denver. To the extent any of the allegations can be construed against Denver, Denver denies the same.

## AMENDED AFFIRMATIVE DEFENSES

Denver raises the following affirmative defenses to the Plaintiff's Amended Complaint.

1. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, and should therefore be dismissed pursuant to F.R.C.P. 12(b)(5).

2. Plaintiff's claims and alleged damages are barred in whole or in part, or limited by the provisions of the Colorado Governmental Immunity Act ("CGIA"), C.R.S. § 10-24-101, *et seq*.

3. Plaintiff's claims may be barred by her failure to mitigate her own alleged damages.

4. Plaintiff's damages may be the result of an intervening or superseding cause.

5. Some or all of Plaintiff's damages may be the result of a pre-existing or subsequent injury.

6. Plaintiff's damages, if any, are limited or reduced by virtue of payments received from a collateral source pursuant to C.R.S. § 13-21-111.6.

7. Any claim by Plaintiff for an award of interest is barred or capped by C.R.S. § 13-21-101.

8. Any claim by Plaintiff for non-economic loss is barred or capped by C.R.S. § 13-21-102.5.

9. Plaintiff's claims for damages resulting from an allegedly unsafe condition on real property are barred or limited by C.R.S. § 13-21-115.

10. Plaintiff's claims may be barred by the applicable Statute of Limitations.

11. Plaintiffs' claims may be barred or limited by her assumption of the risk.

12. Plaintiffs' claims may be barred or limited by her own contributing or comparative fault.

13. Plaintiffs' damages, if any, may have been caused by third persons over whom this Defendant has no control or the right to control.

14. Denver reserves the right to add additional affirmative defenses as they become known through discovery or otherwise.

WHEREFORE, having fully responded to Plaintiff's Amended Complaint, Defendant, City and County of Denver, respectfully requests that this Court dismiss the Amended Complaint against it, award its attorneys' fees and costs and for such other and further relief as its cause may require.

**DEFENDANT CITY AND COUNTY OF DENVER DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted this 9th day of July, 2019.

/s/ Andrew J. Carafelli
Andrew J. Carafelli, Esq.
Harris, Karstaedt, Jamison & Powers, P.C.
10333 E. Dry Creek Road, Ste. 300
Englewood, CO 80112
Phone:  720-875-9739
Fax:       720.875-9141
Email: acarafelli@hkjp.com
*Attorney for Defendant City and County of Denver d/b/a Denver International Airport*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July 2019, a copy of the foregoing **DEFENDANT CITY AND COUNTY OF DENVER d/b/a DENVER INTERNATIONAL AIRPORT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND** was electronically filed via ECF/PACER addressed to the following:

All Active Counsel of Record

/s/ Martha G. Caudillo
Martha G. Caudillo