IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-00155-CMA-SKC

CAROL BURBA;

    Plaintiff,

v.

UNITED STATES OF AMERICA;
CITY AND COUNTY OF DENVER, *dba Denver International Airport*; and
ISS FACILITY SERVICES, INC.;

    Defendants.

## ORDER RE: MOTION TO STAY DISCOVERY [#63]

This Order addresses Defendant United States of America's ("United States") Motion to Stay Discovery ("Motion"). [#63.][1] The Motion was referred to the magistrate judge for a determination. [#64.] The Court has considered the Motion and the prevailing law, and concludes that a hearing is not necessary.[2] For the following reasons, the Court DENIES the Motion.

### BACKGROUND

Plaintiff Carol Burba initiated this case on January 17, 2019. [*See generally* #1.] She brings this action in tort for personal injuries suffered when she slipped and fell during

---

[1] The Court uses "[#__]" to refer to docket entries in CM/ECF.
[2] Plaintiff opposes the Motion. [*See* #63 at p. 1.] However, she did not file a response.

1

security screening at Denver International Airport. [*See generally* #54 (Second Amended Complaint).] She alleges two claims: Claim One, against all Defendants, under the Colorado Premises Liability Act based on the floor conditions; and Claim Two, solely against the United States, on a duty to rescue theory of negligence. [*See* #68 at p. 5 (clarifying her claims in the Second Amended Complaint).]

The United States responded to the Complaint with a motion to dismiss Claim Two [#61.] It argues the Complaint should be dismissed because Plaintiff failed to exhaust her remedies pursuant to the Federal Tort Claims Act (FTCA), and in the alternative, for failure to state a claim pursuant to Rule 12(b)(6). [*Id.*] Thereafter, the United States filed the present Motion seeking a stay of all discovery due to its pending motion to dismiss and its further argument of sovereign immunity.[3] [*Id.* at pp. 5-7.]

## A. ANALYSIS

Rule 1 instructs that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." The decision to issue a protective order and thereby stay discovery is within the sound discretion of the trial court. *See Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002). But stays are the exception in this judicial district, not the rule. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009) ("This District generally disfavors stays of discovery.").

---

[3] Defendant ISS Facility Services ("ISS") also filed a motion to dismiss Claim One—the single claim against it. [#58.] ISS did not seek a stay pending a ruling on its motion to dismiss.

2

Upon a showing of good cause, a protective order is appropriate to stay discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Courts consider the propriety of a stay by balancing five factors: (1) plaintiff's interest in proceeding expeditiously and the potential prejudice of a delay; (2) the burden on the defendant if no stay is issued; (3) the convenience to the court; (4) the interests of non-parties; and (5) the public interest. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). "[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided." *Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (quoting 8 Charles Alan Wright, et al., Federal Practice & Procedure § 2040, at 521–22 (2d ed.1994)) (further citations omitted). *See also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation marks and citation omitted).

**1. Plaintiff's Interests and Potential Prejudice of a Stay**

The Court acknowledges that Plaintiff has a presumptive right to proceed expeditiously with her claims. *See Alattar v. Bell*, No. 13-cv-02990-MSK-KMT, 2014 WL 2566271, at *2 (D. Colo. June 5, 2014). But Plaintiff did not file a response to the Motion. Therefore, apart from the desire to recover the monies allegedly owed to her—which is the ultimate relief being sought in this case—Plaintiff has not identified any specific

3

prejudice that would result from a stay, such as witnesses' fading memories, aging or loss of evidence, etc.

Even still, her right to proceed expeditiously with Claim One, for which the United States does not seek dismissal, "should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, 713 F.2d 1477, 1484 (10th Cir. 1983). The potential dismissal of Claim Two is not one of those extreme circumstances. This factor favors denying a stay.

### 2. Burden on Defendant if No Stay Issues

Similarly, the United States does not offer specific prejudice it would suffer if the Court denies the Motion, apart from the protections afforded it by "the limited nature of the FTCA's waiver of sovereign immunity." [#63 at p. 6.] But the United States raises the sovereign immunity defense only with respect to Claim Two, and then only to the extent Claim Two is "[b]ased on the administration of the security checkpoint." [*See generally* #61 (United States' Motion to Dismiss).] Plaintiff has since clarified that Claim Two is only "based upon the failure to aid Plaintiff." [#68 at p.5 (Plaintiff's Response to United States' Motion to Dismiss).] Therefore, the sovereign immunity defense is moot.

The United States has not asserted any other reason why discovery would be unduly burdensome. [*See* #63 at p. 6.] And the Court finds the United States will not be burdened by a stay. *Aikens v. Deluxe Fin. Serves., Inc.*, 217 F.R.D. 533, 537 (D. Kan. 2003) (holding that a party seeking a stay based on undue burden or expense must explain the burden in detail). This factor supports denying a stay.

4

### 3. Convenience to the Court

The third factor considers the Court's own convenience. The Court recognizes that an "ill-advised stay" may inconvenience courts by making the "docket less predictable and, hence, less manageable." *Stone*, 2010 WL 148278, at *3. However, "[w]here a pending motion may dispose of an action . . . a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Id*.

In this case, the pending motion to dismiss contends that the Court lacks subject matter jurisdiction over Claim Two. [*See* #61 at pp. 6-9.] Because the United States challenges this Court's jurisdiction, the motion to dismiss may result in the dismissal of Claim Two in its entirety. *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1176 (10th Cir. 2009); *see also Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (recognizing that the FTCA's exhaustion requirement is "jurisdictional and cannot be waived"). "Questions of jurisdiction should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties." *Sandoval v. U.S.*, No. 11-cv-01533-REB-KLM, 2011 WL 3682768, at *2 (D. Colo. Aug. 23, 2011). Therefore, a stay may avoid wasting judicial time and resources as it relates to Claim Two.

Importantly, however, the United States only seeks dismissal of Claim Two. [*See generally* #61.] So even if the Court grants the United States' motion to dismiss, at a minimum, this matter will proceed on Claim One against the United States and Defendant City and County of Denver.[4] Thus, discovery concerning Claim One is inevitable; there is no path forward which avoids expending resources on discovery, at least by Plaintiff, the

---

[4] The same may be true for ISS unless it prevails on its motion to dismiss Claim One.

United States, and the City and County of Denver. The Court concludes that the interests of judicial economy weigh against a stay.

> **4.      Interests of Non-parties, and 5. Public Interest**

With respect to the fourth and fifth factors, the United States contends that if this case is permitted to proceed—and it is required to conduct discovery on Claim Two—it would direct public funds toward discovery that may be for naught. [#63 at p. 7.] It further argues that, "[w]here 'the public's only interest in this case is a general interest in its efficient and just resolution, [a]voiding wasteful efforts by the Court clearly serves this interest.'" [*Id.* (citing *Harbinger Cap.l Partners LLC v. Ergen*, No. 14-CV-01907-WJM-KMT, 2015 WL 1133503, at *2 (D. Colo. Mar. 10, 2015).]

The Court agrees. *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30, 2015) (there is also a strong public policy in "avoiding unnecessary expenditures of public and private resources on litigation.") Given the possibility of dismissal of Claim Two as well as the need to resolve jurisdictional questions at the earliest possible stage of the proceedings, the fourth and fifth factors slightly favor a stay.

\* \* \*

Having balanced the five *String Cheese* factors, the Court finds that a stay of discovery pending resolution of the motion to dismiss is not warranted. Therefore, IT IS ORDERED that the United States' Motion [#30] is DENIED.

DATED: July 22, 2020.

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge