IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-00155-CMA-SKC

CAROL BURBA,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
CITY AND COUNTY OF DENVER, *d/b/a* Denver International Airport, and
ISS FACILITY SERVICES, INC.,

    Defendants.

___

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION RE: DEFENDANTS' MOTIONS TO DISMISS**
___

This matter is before the Court on the July 21, 2020 Recommendation re: Defendants' Motions to Dismiss [#58 & #61] ("the Recommendation") by United States Magistrate Judge S. Kato Crews (Doc. # 71), wherein Judge Crews recommends that this Court grant both Defendant ISS Facility Services, Inc.'s ("ISS") Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("ISS's Motion to Dismiss") (Doc. # 58) and Defendant United States of America's ("United States") Motion to Dismiss Claim Two Under Rules 12(b)(1) and 12(b)(6) ("United States' Motion to Dismiss") (Doc. # 61). Plaintiff timely objected to the Recommendation. For the reasons that follow, the Court overrules Plaintiff's objections and affirms and adopts the Recommendation.

## I.  BACKGROUND

Judge Crews described the factual background of this case in the Recommendation (Doc. # 71 at 1–3), which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B) (2018); Fed. R. Civ. P. 72(b). The Court therefore recounts only the facts necessary to address Plaintiff's Objections to the Recommendation.

This action arises from a fall Plaintiff Carol Burba sustained at the Denver International Airport ("DIA"). On January 17, 2017, Plaintiff was in the process of taking off her boots at the TSA Security Checkpoint at DIA when she slipped on the floor and fell onto her hip. (Doc. # 54 at 1, ¶ 24.) Plaintiff sustained a subcapital fracture of her right hip, which ultimately required emergency surgery and total hip replacement. (*Id.* at 1–2, ¶ 25.) Plaintiff alleges that "the security area was negligently maintained because Plaintiff was forced to take off her shoes without assistance on polished marble flooring[,] which constituted an unreasonable risk to the health and safety of those who are expected to use the walking surface," including Plaintiff. (*Id.* at ¶ 39.)

The operative complaint in this matter is Plaintiff's Second Amended Complaint. (Doc. # 56.) Therein, Plaintiff asserts two claims for relief. Claim One alleges a violation by all Defendants of Colorado's Premises Liability Act, Colo. Rev. Stat. § 13-21-115, claiming that Defendants failed to exercise reasonable care over the condition of the floor where Plaintiff fell. (Doc. # 54 at ¶¶ 63, 66–67.) Claim Two, brought against Defendant United States only, alleges that TSA employees negligently failed to provide Plaintiff medical assistance after her fall. (*Id.* at ¶¶ 69–84.)

On September 11, 2019, Defendant ISS filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), in which it seeks dismissal of Claim One against it. *See generally* (Doc. # 58). Therein, ISS argues Plaintiff has failed to state a claim against it because "Plaintiff asserts . . . that ISS was somehow negligent in causing her injuries and has asserted a claim against ISS under Colorado's Premise Liability Act" but "fails to allege any facts that implicate the work or services of ISS and how it caused or contributed to Plaintiff's alleged incident and injuries." (*Id.* at 2.) On September 17, 2019, Defendant United States filed its Motion to Dismiss, which moves the Court to dismiss Claim Two pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6). Judge Crews issued the Recommendation on July 21, 2020, wherein he recommends that both Motions to Dismiss be granted. (Doc. # 71 at 12.)

Plaintiff filed her Objections to Recommendation re: Defendants' Motions to Dismiss [#58 and #61] ("Objections") on August 4, 2020. (Doc. # 77.) Therein, Plaintiff objects to the Recommendation's findings and conclusions as to Defendant ISS's Motion to Dismiss but concedes that Claim Two should be dismissed per Judge Crews's Recommendation. (*Id.* at 2, 7–8.) ISS filed Defendant's Response to Plaintiff's Objection to Recommendation of United States Magistrate Judge [ECF 61] thereafter. (Doc. # 78.)

## II.  LEGAL STANDARDS

### A.  REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An

objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).[1]

## B.  FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a subsequent motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausible" means that the plaintiff pled factual content which allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a

---

[1] The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (Doc. # 28 at 27–28 n.4.) Plaintiff did not object to Judge Crews's Recommendation to the extent it recommends that United States' Motion to Dismiss should be granted and Claim Two should be dismissed. Indeed, Plaintiff concedes in her Objections that "Claim Two against Defendant United States of America 'TSA' should be voluntarily dismissed." (Doc. # 77 at 2.) Plaintiff contemplates filing a joint stipulation to dismiss Claim Two against Defendant United States in her Objections, but no such stipulation has been filed. As such, in the absence of a timely objection "the district court may review a [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). After reviewing the Recommendation's findings related to Claim Two against Defendant United States, in addition to applicable portions of the record and relevant legal authority, the Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Accordingly, the Court affirms and adopts the Recommendation's findings and conclusions regarding Claim Two against Defendant United States.

probability requirement, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of [the] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). A court need not accept conclusory allegations without supporting factual averments, however. *Southern Disposal, Inc. v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Generally, only the pleadings themselves can be considered in deciding a Rule 12(b)(6) motion. *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). Notwithstanding the general rule, however, "the district court may consider documents **referred to in the complaint** if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (emphasis added) (quoting *Jacobsen*, 287 F.3d at 941).

### III.   DISCUSSION

Plaintiff objects to the Recommendation on two grounds. First, Plaintiff argues

that Judge Crews failed to consider the exhibit Plaintiff attached to her Response to Defendant ISS Facility Services, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Response") (Doc. # 65-1). Second, Plaintiff objects to Judge Crews's findings that her allegations against Defendant ISS were conclusory and constituted a threadbare recital of the definition of a landowner for the purposes of Colorado's Premises Liability Act. The Court first considers whether Judge Crews appropriately excluded the Exhibit from his consideration of ISS's Motion to Dismiss, and then turns to the sufficiency of Plaintiff's allegations against Defendant ISS in her Second Amended Complaint.

### A.     CONSIDERATION OF PLAINTIFF'S EXHIBIT

Plaintiff attached to her Response a letter to Plaintiff's counsel from the insurance carrier for Defendant City and County of Denver, DIA ("Denver") ("the Exhibit"). (Doc. # 65-1.) Judge Crews included the following footnote concerning the Exhibit in his analysis of ISS's Motion to Dismiss:

> In her Response, Plaintiff submits a document that allegedly confirms that "ISS maintained the flooring in the area where Plaintiff's incident occurred." [#65 at p. 5 (citing Exhibits #65-1).] Unfortunately for Plaintiff, in determining the sufficiency of the Complaint, the Court may only consider external document's that are referenced in the complaint and found to be central to the plaintiff's claim. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941– 42 (10th Cir.2002); *see also* 5A C. Wright & A. Miller, *Federal Practice & Procedure* § 1327, (4th ed.) ("[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading, the defendant may be permitted to introduce the document as an exhibit to a motion attacking the sufficiency of the pleading if the plaintiff has referred to the item in the complaint and it is central to the affirmative case.").

(Doc. # 71 at 8 n. 6.) This footnote refers back to a previous footnote which states:

"Plaintiff attached an exhibit to her Response which the Court did not consider because

6

its review under Rule 12(b)(6) is limited to the Complaint." (*Id.* at 5 n.4.)

Plaintiff contends that Judge Crews erred by not considering the Exhibit because Plaintiff relied heavily upon it in framing her pleadings. (Doc. # 77 at 3.) Under Tenth Circuit precedent, "the district court may consider documents **referred to in the complaint** if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941–42 (10th Cir. 2002) (emphasis added) (citing *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997)); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen*, 287 F.3d at 941) (same). In *Jacobsen*, the Tenth Circuit concluded that "**[b]ecause [the] complaint referred to [works external to the pleadings]**, and all the parties invited the district court to consider these works, the district court properly considered the work in ruling on the 12(b)(6) motion." *Id.* at 941 (emphasis added); *see also Droppleman v. Horsley*, 372 F.2d 249, 250 (10th Cir. 1967) (quoting *Zeligson v. Hartman-Blair, Inc.*, 126 F.2d 595, 597 (10th Cir. 1942)) (describing the legal effect the Tenth Circuit has ascribed to writings attached to pleadings and incorporated therein by reference in the context of a motion to dismiss). Accordingly, in the Tenth Circuit, a document external to the pleadings must be incorporated therein by reference in order for a district court to consider the document in ruling on a motion to dismiss.

In the instant case, there is no reference to the Exhibit in Plaintiff's Second Amended Complaint. Nor did Plaintiff refer to the Exhibit in her initial Complaint (Doc. # 1) or first Amended Complaint (Doc. # 30). Further, Plaintiff stated in her Second

7

Amended Complaint that "[t]he basis for these allegations comes from Plaintiff, her husband, daughter and grandson," thereby excluding the Exhibit from her recitation of sources. (Doc. # 54 at ¶ 17.) Accordingly, Judge Crews properly excluded the Exhibit from his consideration of the Motion to Dismiss.[2]

## B.  WHETHER PLAINTIFF'S SECOND AMENDED COMPLAINT STATED A CLAIM AGAINST ISS

Plaintiff asserts Claim One against all Defendants under Colorado's Premises Liability Act ("PLA"), Colo. Rev. Stat § 13-21-115. The PLA defines the exclusive set of duties that landowners owe to persons entering upon the landowner's property, *see* Colo. Rev. Stat. § 13-21-115(2), and broadly defines a "landowner" as follows: "[W]ithout limitation, an authorized agent or a person in possession of real property and **a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property**." Colo. Rev. Stat. § 13-21-115(1) (emphasis added); *see also Burbach v. Canwest Inv.*, LLC, 224 P.3d 437, 441 (Colo. App. 2009) ("A person need not hold title to property to be considered a 'landowner' under the premises liability statute."). To support her claim against ISS

---

[2] Plaintiff points the Court to two cases out of the Second Circuit that stand for the proposition that the Court may consider a document external to the pleadings that was not incorporated by reference so long as the document is integral to the pleadings. (Doc. # 77 at 3) (first citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); then citing *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) ("Although the amended complaint in this case does not incorporate the Agreement, it relies heavily upon its terms and effect; therefore, the Agreement is "integral" to the complaint, and we consider its terms in deciding whether IAN can prove any set of facts that would entitle it to relief.")). However, this more permissive standard does not apply in the Tenth Circuit, which is the law that this Court is bound to apply. Even if this Court could apply the Second Circuit's more permissive standard, the Court disagrees with Plaintiff's contention that the Exhibit is integral to her Complaint or that it provides factual matter sufficient to state a claim against ISS for which relief may be granted.

under the PLA, Plaintiff must show that ISS was "responsible for creating a condition on real property or conducting an activity on real property that injures an entrant." *Pierson v. Black Canyon Aggregates, Inc.*, 48 P.3d 1215, 1221 (Colo. 2002).

In her Second Amended Complaint, Plaintiff fails to sufficiently allege that ISS is a landowner under the PLA or that ISS was "responsible for creating a condition on real property or conducting an activity on real property that injures an entrant." *Black Canyon Aggregates, Inc.*, 48 P.3d at 1221. To this end, although Plaintiff makes conclusory allegations concerning ISS's responsibility over the premises,[3] she fails to allege any factual basis for Defendant ISS's responsibility for the condition, maintenance, or safeguarding of the property in question. Although Plaintiff asserts in her Objections that she has "alleged a fact provided by Denver, the defendant that contractually hired ISS, to maintain the floor in the location where Plaintiff was injured" (Doc. # 77 at 4), allegations concerning Denver's contractual relationship with ISS or Denver's hiring of ISS to maintain the floor in the area of DIA where Plaintiff was injured are notably absent from Plaintiff's Second Amended Complaint. Therefore, Plaintiff's Second Amended Complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief [against ISS] that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678.

---

[3] Plaintiff alleges that "[a]t all times relevant to the subject matter of this litigation, various employees or agents of Defendant Denver and Defendant ISS were responsible for the maintenance and safeguarding of the property in question." (Doc. # 54 at ¶ 16.) She further alleges that "Defendants were legally responsible for the condition of the property and for the activities and circumstances existing on the property, including common walkways and walking surfaces on the premises in the location where Plaintiff was injured." (*Id.* at 62.)

Further, to the extent Plaintiff relies on vague allegations made in passive voice or generic allegations made collectively against all Defendants to argue that she has made nonconclusory allegations against ISS,[4] such allegations do not allow the Court to draw the reasonable inference that this particular defendant—ISS—is liable for any of the misconduct alleged. *Iqbal*, 556 U.S. at 678. This is especially true where Plaintiff's generic allegations against all three Defendants are inconsistent with or contradicted by her more specific allegations concerning TSA staff members and DIA wheelchair personnel.[5] The Court agrees with Judge Crews's conclusions that Plaintiff's allegations against Defendant ISS are conclusory and constitute a threadbare recital of the elements of a cause of action under the PLA. Therefore, Plaintiff's Second Amended Complaint is insufficient to state a claim against ISS. *Southern Disposal, Inc.*, 161 F.3d at 1262; *Iqbal*, 556 U.S. at 678.

---

[4] *See, e.g.*, (Doc. # 54 at ¶ 38) ("The improper flooring, and negligently maintained floor constituted a dangerous condition of the premises . . . ."); (*id.* at ¶ 39) ("The security area was negligently maintained because Plaintiff was forced to take off her shoes without assistance on polished marble flooring which constituted an unreasonable risk to the health and safety of those who are expected to use the walking surface, including the Plaintiff."); (*id.* at ¶ 63) "Defendants knew or should have known of the dangers created by the condition of improperly flooring, and negligently maintaining the walking surface, by polishing the flooring and failing to warn or protect against the dangers created by Defendants.").

[5] For example, Plaintiff alleges that Defendants collectively "should have permitted Plaintiff to sit down while removing her shoes," "should not have forced Plaintiff to remove her shoes on slippery flooring," "should have had more security employees to assist Plaintiff in the security screening process," "should not treat senior citizens in a cruel and hostile manner in the screening process," and that "Defendants demeanor and tone in the screening process was aggressive, hostile and cruel." (*Id.* at ¶¶ 42–46.) However, Plaintiff makes no specific allegations about interacting with ISS representatives during the screening process, *see* (*id.* at ¶¶ 23–37) (referencing DIA wheelchair personnel and TSA staff members only), and Plaintiff's later allegations indicate that TSA has exclusive control over the security screening process. *See, e.g.*, (*id.* at ¶ 75) ("TSA regulations confer an absolute authority on the TSA personnel within the screening area to the exclusion of all other airport staff or patrons.").

Lastly, the Court notes that Plaintiff is represented by counsel and was put on notice of the deficiencies of her pleadings against ISS twice. ISS first filed a Motion to Dismiss Plaintiff's Complaint on March 21, 2019 (Doc. # 14), and subsequently filed a Motion to Dismiss Plaintiff's First Amended Complaint on July 9, 2019 (Doc. # 36). The relevant arguments advanced in these motions are identical to the arguments advanced in the instant Motion to Dismiss.[6] Therefore, Plaintiff had two opportunities to correct the identified deficiencies in her complaint as brought to her attention by ISS and she failed to do so. Additionally, the Exhibit upon which Plaintiff so heavily relies in her Response and Objection, which is a letter from a third-party insurance carrier stating that "it appears that [Plaintiff's] incident occurred in an area that is maintained by our insured's contractor, ISS," is insufficient to state a claim against ISS. Thus, the Court concludes that further amendment of the pleadings to state a claim against ISS would be futile and that dismissal of Plaintiff's claim against ISS with prejudice is, therefore, appropriate. *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190–91 (10th Cir. 2014).

## IV.   CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Plaintiff's Objections to Recommendation re: Defendants' Motions to Dismiss [#58 & #61] (Doc. # 77) are OVERRULED;

---

[6] Between the three iterations of ISS's Motions to Dismiss, the only changes made to the subsection titled "Plaintiff's Complaint Fails to Allege that ISS Caused or Created the Condition that Allegedly Caused Plaintiff's Incident and Injuries" were additions of the words "First Amended" and "Second Amended" before "Complaint" and changes to the paragraph numbers cited. *Compare* (Doc. # 58 at 6–7) *with* (Doc. # 14 at 5–7) *and* (Doc. # 36 at 6–7) (emphasis omitted). The remainder of the argument is identical.

- the July 21, 2020 Recommendation re: Defendants' Motions to Dismiss [#58 & #61] (Doc. # 71) is AFFIRMED AND ADOPTED as an Order of this Court;

- Defendant ISS Facility Services, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 58) is GRANTED;

- accordingly, Claim One is DISMISSED WITH PREJUDICE as to Defendant ISS and Defendant ISS is DISMISSED from this action;

- the caption shall be amended to reflect the dismissal of Defendant ISS from this action;

- Defendant United States of America's Motion to Dismiss Claim Two Under Rules 12(b)(1) and 12(b)(6) (Doc. # 61) is GRANTED;

- accordingly, Claim Two is DISMISSED WITHOUT PREJUDICE;[7] and

- Claim One against Defendant City and County of Denver d/b/a Denver International Airport and Defendant United States of America remains.

DATED:  September 4, 2020

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
United States District Judge

---

[7] Plaintiff's Claim Two against Defendant United States is dismissed without prejudice because the Court lacks jurisdiction over the claim. *See Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (quoting *Bradley v. United States by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991)) (presentment requirement under Federal Tort Claims Act is "jurisdictional and cannot be waived"); *see also Brown v. Buhman*, 822 F.3d 1151, 1179 (10th Cir. 2016) (citations omitted) ("a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal . . . must be without prejudice.").