IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-00155-CMA-SKC

CAROL BURBA,

    Plaintiff,

v.

UNITED STATES OF AMERICA, and
CITY AND COUNTY OF DENVER, *d/b/a* Denver International Airport,

    Defendants.

---

## ORDER GRANTING MOTION FOR ATTORNEYS' FEES

---

This matter is before the Court on Defendant ISS Facility Services Inc.'s Motion for Attorneys' Fees Purusant [sic] to D.C.COLO.LCivR 54.3 ("Motion"), wherein Defendant ISS Facility Services Inc. ("ISS") seeks reasonable attorneys' fees in the amount of $15,020. (Doc. # 81 at 7.) No response to the Motion has been filed. Upon review of the Motion, the supporting documentation attached thereto, and the case file, the Motion is granted.

### I.    LEGAL STANDARDS

When evaluating a motion for attorneys' fees, the Court follows the three-step process set forth in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987). The first step in determining a fee award is to determine the number of hours

reasonably spent by counsel for the prevailing party. *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996); *Ramos*, 713 F.2d at 553. The factors considered in a reasonableness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task. *Rocky Mountain Christian Church v. Bd. of Cty. Comm'rs of Boulder Cty.*, No. 06-cv-00554, 2010 WL 3703224, at *2–3 (D. Colo. Sept. 13, 2010). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* at 433.

Once the Court has determined the number of hours reasonably spent, it must then determine a reasonable hourly rate of compensation. *Ramos*, 713 F.2d at 555. "A reasonable rate is the prevailing market rate in the relevant community." *Malloy*, 73 F.3d at 1018 (citing *Blum v. Stenson*, 465 U.S. 885, 897 (1984)). The party seeking the award has the burden of persuading the court that the hours expended, and the hourly rate, are reasonable. *Id.* The third step consists of multiplying the reasonable hourly rate by the number of hours reasonably expended to determine the lodestar amount. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

## II. ANALYSIS

### A. ISS IS ENTITLED TO ATTORNEYS' FEES

Defendant ISS is entitled to an award of reasonable attorneys' fees in this matter pursuant to Colo. Rev. Stat. §§ 13-17-101, which provides that the Court may award reasonable attorneys' fees and costs incurred to defend a substantially frivolous, substantially groundless, or substantially vexatious action. *See W. United Realty, Inc. v. Issacs*, 679 P.2d 1063 (Colo. 1984) (finding that a claim or defense is frivolous if the claimant can present no rational argument based on the evidence or the law to support it). This Court dismissed Plaintiff's claim against ISS pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff's allegations against ISS remained conclusory and unchanged despite two opportunities to amend her Complaint. Specifically, Plaintiff named ISS in only two of the 84 allegations in her Second Amended Complaint, and her allegations failed to adequately allege ISS's "landowner" status for purposes of Colorado's Premises Liability Act. *See* (Doc. # 71 at 8). Therefore, the Court concludes that Plaintiff's claims against ISS were substantially frivolous or groundless within the meaning of Colo. Rev. Stat. § 13-17-101.[1]

---

[1] ISS also moves for attorneys' fees pursuant to Colo. Rev. Stat. § 13-17-201, which provides, in relevant part, that

> [i]n all actions brought as a result of a death or an injury to person or property occasioned by the tort of another person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees defending the action. . . .

Although "[t]his provision applies to Colorado tort claims pending in federal court that are dismissed pursuant to the Federal Rule of Civil Procedure 12(b))[,]" "by its own terms § 13–17–201 applies only when the entire '*action* is dismissed,' not when only some *claims* are dismissed." *Dorsey on behalf of J.D. v. Pueblo Sch. Dist. 60*, 215 F. Supp. 3d 1092, 1093 (D.

### B.     THE FEE AWARD REQUESTED IS REASONABLE

Counsel seeks compensation for a total of 80 hours of work performed by several attorneys and one paralegal. Having reviewed the fee application and supporting documentation, and considering the time that ISS had to invest in responding to Plaintiff's continued assertion of frivolous claims against it throughout two amendments of her Complaint, the Court finds that the number of hours billed by Defendant ISS's counsel is reasonable. Based on the time records submitted with the Affidavit of Clinton L. Coberly, Esq. in Support of ISS Facility Services Inc.'s Motion ("Affidavit"), the Court concludes that ISS exercised billing judgment in filing the instant Motion and that all hours requested were reasonably expended in the litigation. (Doc. # 81-2 at 4–18.) *See Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983); *see also Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . .").

Next, the Court finds that the rates of compensation requested are reasonable. Defendant ISS seeks an hourly rate of $200 for its more experienced attorneys (Clinton L. Coberly and Cash Parker), $170 for associate attorneys April Connally and Jason Krueger, and $105 for paralegal Patricia Gerhardt-Bolling. (Doc. # 81-2.) These billing rates are reasonable in the metropolitan Denver market. *See, e.g.*, *Mrs. Condies Salad Co., Inc. v. Colo. Blue Ribbon Foods, LLC*, No. 11-cv-02118-KLM, 2012 WL 1431371, at *2 (D. Colo. Apr. 24, 2012) (finding that $325.00 is a reasonable hourly fee rate in this

---

Colo. 2016) (citation omitted) (emphasis in original). Some claims in this action remain. Therefore, the Court declines to award fees pursuant to Colo. Rev. Stat. § 13-17-201.

jurisdiction). Therefore, multiplying the reasonable hourly rate by the number of hours reasonably expended, the Court determines that ISS is entitled to an award of $15,020 in attorneys' fees.

### III.     CONCLUSION

For the foregoing reasons, Defendant ISS Facility Services Inc.'s Motion for Attorneys' Fees Purusant [sic] to D.C.COLO.LCivR 54 (Doc. # 81) is GRANTED. Plaintiff Carol Burba is ORDERED to pay Defendant ISS Facility Services Inc. $15,020 in attorneys' fees. Judgment shall enter in favor of Defendant ISS Facility Services Inc. and against Plaintiff Carol Burba in the amount of $15,020.

DATED:  April 6, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge